UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15CV-00900-DW

**TERRY EDWARD ERNST**  PLAINTIFF

**VS.**

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Terry E. Ernst's ("Ernst") application for disability insurance benefits. Ernst seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both Ernst, proceeding *pro se,* (DN 16) and the Commissioner (DN 19) have filed a Fact and Law Summary. Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 14).

### Findings of Fact

Terry Ernst is in his mid-fifties and lives in Cox Creek, Kentucky, in a house with his wife and dog. (Tr. 77). Ernst previously worked as a floor installer and at the parts counter at a Harley Davidson dealership. (Tr. 108). Ernst states that he suffers from lower back pain, arthritis, a stomach ulcer, and gout. (Tr. 79-85). Because of his ailments, Ernst states he has become "a

1

hermit" and has a minimal quality of life. (Tr. 93-94). In September of 2012, Ernst underwent a micro discectomy, which he felt did not help his lower back condition at all. (Tr. 79, 83, 99).

Ernst applied for disability insurance benefits ("DIB") under Title II, claiming that he became disabled on June 20, 2012, as a result of lower back pain and rheumatoid arthritis. (Tr. 181, 221). His application was denied initially and again on reconsideration. (Tr. 135, 145). Administrative Law Judge William Zuber ("ALJ") conducted a hearing in Louisville, Kentucky, on February 4, 2014. (Tr. 72, 74). Ernst attended the hearing with his attorney. (*Id.*). William Harpool, an impartial vocational expert, also testified at the hearing. (*Id.*). The ALJ issued an unfavorable decision on June 13, 2014. (Tr. 42).

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner, 20 C.F.R. § 404.1520; *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010) and found as follows. First, Ernst did not engage in substantial gainful activity during the period from his alleged onset date of June 20, 2012, through his date last insured of September 30, 2012. (Tr. 34). Second, through his date last insured, Ernst had the severe impairments of degenerative disc disease of the lumbar spine and degenerative disc disease of the left ankle. (*Id.*). Third, through the date last insured, none of Ernst's impairments or combination of impairments met or medically equaled the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 35). Fourth, through the date last insured, Ernst had the residual functional capacity ("RFC") to perform light work, except "he should be permitted to alternate between sitting and standing every 30 to 45 minutes. In addition, the claimant can never climb ladders, ropes, or scaffolds; and only occasionally climb ramps and stairs, stoop, crouch, crawl, and kneel. He should avoid all exposure to vibration and hazards like dangerous machinery and unprotected heights." (Tr. 36). Additionally, Ernst is unable to perform any past relevant work. (Tr. 40). Fifth and

finally, considering Ernst's age, education, work experience, and RFC, there were jobs that existed in the national economy that he could perform through his date last insured. (Tr. 41).

Ernst appealed the ALJ's decision. (Tr. 27). The Appeals Council declined review. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Ernst appealed to this Court. (DN 1).

Conclusions of Law

A. Standard of Review

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

B. Analysis

Ernst is proceeding *pro se* in this appeal. *Pro se* documents are to be liberally construed, and Ernst's Fact and Law Summary will be so construed. *See Erickson v. Pardus*, 551 U.S 89, 95,

3

127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007). After reviewing Ernst's Fact and Law Summary, it appears he is advancing two arguments.

1. Finding No. 3: Ernst's Severe Impairments

First, Ernst states that he has been diagnosed with rheumatoid arthritis, gout, fibromyalgia, a peptic ulcer, and diverticulitis. (DN 16, at pp. 1, 3). The Commissioner interprets Ernst's statements as to these diagnoses as challenging the ALJ's step two determination that he suffers from the severe impairments of degenerative disc disease of the lumbar spine and degenerative disc disease of the left ankle. (DN 19, at pp. 3-4).

At step two of the sequential evaluation process, the Administrative Law Judge considers the medical severity of the claimant's impairments. An impairment is not severe "if it does not significantly limit [a claimant's] physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1521(A). SSR 85-28 explains that "[a] determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities . . . " Soc. Sec. Ruling 85-28, 1985 WL 56856, at *4 (Jan 1, 1985).

Here, the ALJ did not err in his evaluation of Ernst's severe and non-severe impairments at step two. As for Ernst's claims of gout, the ALJ recognized the record reflects some history of gout but clarified that the evidence indicated only minimal treatment for such ailment. (Tr. 34). The ALJ cited to records from August 2012-October 2013 where Ernst complained of gout flare-ups and acknowledged Ernst's warmth and swelling of the right foot, "some diminished waveforms and absolute pressure of the left first toe consistent with bilateral foot small vessel disease," and use of Indocin medication for relief. (*Id.*). However, because no evidence of any other "significant

4

treatment for gout" since Ernst's alleged onset date exists, the ALJ found Ernst's gout was not a severe impairment lasting 12 months in duration. (*Id.*).

After reviewing Ernst's records relating to his gout, the Court finds the ALJ's conclusion is supported by substantial evidence in the record. During the alleged period of disability numerous records did not mention Ernst's gout (Tr. 324-26, 329-30, Tr. 371) or only referenced Ernst's complaints of gout without making any objective findings as to the condition (Tr. 337). Only one record from the relevant disability period discussed Ernst's gout in his exam notes as "warm/red" and in the assessment as "gout? Right foot." (Tr. 372). Given that Ernst's complaints about gout were sporadic, inconsistent, and unsupported by objective medical evidence during his alleged period of disability, it was reasonable for the ALJ to determine that Ernst's gout was not a severe impairment.

Similarly, the ALJ discussed Ernst's claim that he was diagnosed with rheumatoid arthritis as a child but concluded this was not a severe impairment because there is no evidence of such condition since his alleged onset of disability date, he has not been evaluated or treated by a rheumatologist, and he has not been prescribed disease-modifying anti-rheumatic drugs or an immunosuppressant. (Tr. 35). While Ernst did inform a number of physicians of his childhood diagnosis of rheumatoid arthritis during the relevant time period, none of those physicians provided treatment for that impairment. (*See* Tr. 324 (past medical diagnosis of arthritis but no mention in physician's physical exam); Tr. 337 (Ernst stated he was diagnosed with rheumatoid arthritis at age 5 but no related findings were made in physical exam)). Further, records pre-dating Ernst's alleged onset date called his prior diagnosis of rheumatoid arthritis or its claimed severity into question. (*See* Tr. 284 (claimant may have rheumatoid arthritis but at this point at least it has not affected him terribly); Tr. 438 (physician opined that Ernst "does not have any evidence of

5

rheumatoid arthritis to me")). The ALJ's conclusion as to Ernst's rheumatoid arthritis, therefore, is supported by substantial evidence.

The ALJ also addressed Ernst's digestive tract complaints, which cover his alleged peptic ulcer and diverticulitis, in his step two findings. Specifically, the ALJ discussed Ernst's June 2012 visit at Louisville Surgical Associates where he was diagnosed with dysphagia, esophagitis, and rectal bleeding. (Tr. 324-26). But because Ernst's physical exam was negative, his colonoscopy revealed no active bleeding or inflammation beyond a single erosion in the left colon, and he received minimal treatment for these conditions, the ALJ concluded Ernst's gastrointestinal issues were not severe. (Tr. 35). The record substantiates the ALJ's conclusion. Ernst clearly complained of gastrointestinal issues at his June 2012 appointment, which led to his physician, Dr. Schuster, ordering an EDG and colonoscopy. (Tr. 326, 329). Although these procedures revealed some abnormalities, including gastritis, hemorrhoids, diverticulitis, and a single left colon erosion, there is no evidence in the record of post-procedure treatment. (Tr. 329-30). Further, Ernst made no digestive tract complaints during the consultative examination performed in August of 2012 or at his Southend Medical Clinic appointment in November of 2012. (Tr. 337-40). The record again supports the ALJ's conclusion that without more information from the relevant time period, Ernst's digestive issues do not rise to the requisite level of severity.

Ernst's final allegation, that he has been diagnosed with fibromyalgia, is likewise unpersuasive. Ernst neither points to evidence demonstrating he suffers from fibromyalgia nor describes how such condition significantly limited his abilities to do basic work activities during the relevant time period. (DN 16-1, at pp. 10-11 (Ernst merely mentions fibromyalgia with no discussion of symptoms, treatment, or duration)). Without such evidence, the Court finds the ALJ did not err in excluding fibromyalgia from his discussion at step two.

Even if the ALJ had wrongly decided that one or more of Ernst's impairments were "non-severe," that conclusion by itself is not grounds for remand "so long as the Administrative Law Judge considered all of the claimant's impairments in the ensuing disability determination." *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). In this case, the ALJ properly considered all of Ernst's impairments in his decision, and his step two analysis is supported by substantial evidence in the record.

2. Finding No. 5: Residual Functional Capacity Determination

Ernst next states that "[t]he Administrative Law Judge's Finding that [he] has residual functional capacity to perform light work is not supported by the medical evidence and the truth of his condition." (DN 16, at p. 3). He further alleges that in 2012 there were at least 7-8 days in each work month where he was unable to work an 8-hour shift and as of September 20, 2012, "he could never sustain regular employment." (*Id.*). The Commissioner construes these statements as challenging the ALJ's RFC determination.

The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The Administrative Law Judge bases his RFC finding on a review of the record as a whole, including a claimant's credible testimony and the opinions from a claimant's medical sources. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Here, Ernst merely challenges the ALJ's RFC determination by stating he is disabled and cannot work 7-8 days in a month. Ernst, however, fails to cite to any medical evidence to support these conclusory statements. Ernst attempts to support his allegations through a sixteen-page handwritten attachment to his Fact and Law Summary. (DN 16-1). This attachment lists dates that Ernst saw various medical providers, his medications from various dates, and subjective

7

complaints regarding his conditions. (*Id.*). This attachment does not constitute medical evidence. Yet even if the Court could consider this hand-written attachment as medical evidence, it does not prove that the ALJ's RFC determination was improper.

In fact, after reviewing the physician opinions in the record, the ALJ's RFC is clearly supported by substantial evidence. No examining or consultative physician opined that Ernst was more limited than the ALJ's RFC. Consultative examiner Peter Urda found in August of 2012 that Ernst was capable of handling objects, standing, sitting, and walking, but "limited in his ability to constantly bend and twist at the waist and/or push, pull, carry, or lift heavy weights." (Tr. 340). Three months later, state agency examiner Carlos Hernandez, M.D., similarly opined that Ernst could perform light work with exertional limitations on climbing ramps/stairs, climbing ladders/ropes/scaffolds, balancing, stooping, kneeling, crouching, and crawling and with environmental limitations involving vibration and hazards (machinery, heights, etc.). (Tr. 142-44).

The ALJ's RFC determination is entirely consistent with both of these opinions, and Ernst fails to identify any other medical opinion from the record or any specific medical evidence calling these restrictions into question. For those reasons, the Court finds the ALJ's conclusion that Ernst is limited to light work with specific exertional and environmental limitations is amply supported by the evidence in the record.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:     Counsel

NOTICE OF APPEAL PROCESS

In social security cases referred to a Magistrate Judge in the Western District of Kentucky "upon consent of the parties" under 28 U.S.C. § 636(c)(1), an aggrieved party may appeal directly to the Sixth Circuit Court of Appeals by filing a notice of appeal with the district clerk "within 60 days after entry of the judgment." Fed. R. App. P. 3(a)(1), 4(a)(1)(B); 28 U.S.C. § 636(c)(3); *see also Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S. Ct. 2625, 125 L.Ed.2d 239 (1993) ("in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment[.]'").